The following constitutes
the order of the court. Signed May 1, 2018

*M. Elaine Hammond* (signature)

_____
**M. Elaine Hammond
U.S. Bankruptcy Judge**

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>Mark C. Bingham,<br><br>      Debtor. | Case No. 16-53217 MEH<br><br>Chapter 13 |

## MEMORANDUM DECISION RE OBJECTION TO CONFIRMATION

The Chapter 13 Trustee (the "Trustee") filed an eighth amended objection to confirmation of Debtor's plan in this case on March 7, 2018 (the "Objection) (Dkt. #83). A contested confirmation hearing was held on March 20, 2018. Appearances were as stated on the record.

**Objection Points 1 and 2**

The Objection contains four points. The first point is a request that Debtor provide the Trustee with a copy of each federal and state income tax return and W-2 form required under applicable law with respect to each tax year of Debtor's ending while the case is pending confirmation. This objection point is a standing objection point for the Trustee and has not been addressed in briefing or argument.

1

The second point relates to an additional provision in Debtor's most recent plan (the "Plan") (Dkt. #68) which states:

> "Notwithstanding the value of the collateral in Schedule A/B, the claim of Stirling Jewelers Inc. will be paid in full."

The Objection and Trustee's brief (Dkt. #84) state that Trustee's substantive objection on this additional provision has been resolved and all that remains is court approval. No other creditor has objected to it. This provision is specific to this case and is approved.

**Objection Point 3 – Attorney's Fees Paid Post-Discharge**

The second additional provision in the Plan states:

> "Attorneys fees and costs approved by the court but unpaid as of completion of the plan shall not be discharged and shall be paid directly by the debtor to counsel for the debtor notwithstanding the discharge."

Debtor's counsel seeks to include this additional provision in this case as well as in future filings by other debtors. It is unknown at this time whether fees will be fully paid through the Plan in this case.

Debtor cites to *In re Johnson*, 344 B.R. 104 (BAP 9th Cir. 2006) for the proposition that a debtor and attorney may arrange for fees to be paid outside of the plan. There, the confirmed plan excepted unpaid attorney's fees from discharge. The court held that the provision whereby the attorney waived his right to full payment under the plan so long as full payment was made by the debtor after discharge was permitted if agreed to by the attorney, as holder of a priority claim. *Id.* at 107-08. Agreement between the debtor and the attorney was evidenced by filing of a plan containing the provision, and the court subsequently approved the plan. *Id.* The court in *In re Vasquez* (14-50507), a 2017 bankruptcy case in the Northern District of California, applied the holding in *Johnson* and found that the parties were permitted to include a provision in the plan that Debtor's counsel's fees be reserved from

discharge. In so holding, the *Vasquez* court noted that the Bankruptcy Code does not explicitly bar the payment of fees outside of a plan.

Trustee argues that this additional provision would upend a long-standing practice in this district, that the Chapter 13 Rights and Responsibilities (Dkt. #14) does not allow it, and that the provision is premature and thus does not fit the holding of *Vasquez*, where considerable fees had been incurred towards the end of the case. These arguments stand in the shadow of a larger worry: does this arrangement unduly benefit attorneys, saddling a debtor with new debt as they emerge from Chapter 13? The Objection and the Trustee's brief reflect a concern that these payments abrogate the very purpose of a bankruptcy case and sully a debtor's fresh start.

By inclusion of the additional provision, Debtor and counsel have agreed to a payment arrangement that may continue following completion of the Plan notwithstanding the discharge. This is similar to the facts in *Johnson* and *Vasquez* referenced above. Their agreement does not flout the requirements of 11 U.S.C. § 1322(a)(2), which states only that priority claims must be paid through the plan unless the claimant agrees to a different treatment. Nor does this arrangement challenge the requirements of the Chapter 13 Rights and Responsibilities, which only state that fees should be paid through the plan, unless otherwise ordered.

The Trustee's argument that *Vasquez* should be distinguished based upon when the attorney's fees were incurred is unsupported by the order in that case (Dkt. #82 in 14-50507). Instead, the order states " . . . it is certainly not an absolute requirement of the Bankruptcy Code that debtor's counsel's fees be paid under the plan." It also refers to the language of § 1322(a)(2) and the Rights and Responsibilities, and the holding in *Johnson* as its basis for holding that the fees may be reserved from discharge. There is no mention of a circumstantial exception being made to account for fees incurred late in the case.

Per *Johnson*, the explicit language of § 1322 and the Rights and Responsibilities, and the lack of contravening authority, this additional provision is approved and Trustee's

objection is overruled on this point. In the absence of law that bars this provision, Trustee's concerns about a debtor's true eligibility for a Chapter 13 appear unfounded.

As to the benefit to attorneys over debtors, Trustee argued at the hearing that debtors rarely contest fee applications and courts rarely reduce fees. This argument fails to account for the requirement that bankruptcy courts closely review fee applications.

The Trustee's reference to *In re Hines* reflects a concern about debtors agreeing to debts with unknown deadlines and amounts. 147 F.3d 1185, 1190 (9th Cir. 1998) (dealing with reaffirmation of a debt between an attorney and a debtor in the context of a Chapter 7 case). The court echoes this concern. In the interest of disclosure and transparency, counsel for a debtor whose plan incorporate an additional provision such as that proposed here must also comply with the following:

- The additional provision must be revised so as to apply only to a discharge in the Chapter 13 case. For example: "Attorneys fees and costs approved by the court but unpaid as of completion of the plan shall not be discharged and shall be paid directly by the debtor to counsel for the debtor notwithstanding a discharge entered in this Chapter 13 case."

- The order confirming a plan that contains such an additional provision shall include the following: "Conversion of the case to Chapter 7 voids the additional provision. If converted, Counsel is required to file a claim for any unpaid fees, and will receive a distribution on such claim pursuant to § 726 if there are sufficient assets in the estate to do so. Any unpaid portion of the claim is discharged."[1]

- Prior to incurring fees that will require the filing of a supplemental fee application in which counsel anticipates the fees will not be paid in full prior to

---

[1] See § 727(b); *In re Simpson*, No. 15-10250, 2017 WL 2198955 at *1 (Bankr. N.D. Cal. May 18, 2017) ("When a case is converted from Chapter 13 to Chapter 7, attorneys' fees incurred before conversion are treated as prepetition debts pursuant to § 727(b) of the Bankruptcy Code and are therefore discharged along with all other debt.") (citing *In re Fickling*, 361 F.3d 172, 175 (2d Cir. 2004)).

discharge, counsel shall meet in person with the debtor to explain what fees are anticipated to be paid through the plan and what they will seek to collect following discharge.

- o Counsel must explain, and provide in writing, the following to the debtor:
    - He or she will not be able to discharge the fees in a subsequent Chapter 7 case for six years pursuant to § 727(a)(9),
        - unless payments under his or her Chapter 13 plan provided for 100% of the allowed unsecured claims in the case, or
        - debtor paid 70% of allowed unsecured claims and the plan was proposed in good faith and was his or her best effort;
    - He or she will not be able to discharge the fees in a subsequent Chapter 13 case for two years pursuant to § 1328(f)(2).
- o Counsel shall also discuss with the debtor how they will pay the fees.
- o Finally, counsel shall also tell the debtor how he or she will collect the fees if the debtor does not pay them.[2]
- In any supplemental fee application:
    - o State that the plan includes a provision authorizing payment of fees post-discharge;
    - o State whether the requested fees are anticipated to be paid through the plan;
    - o If the requested fees are not anticipated to be paid through the plan, then specifically state the amount expected to remain due post-

---

[2] If the use of this additional provision is adopted by multiple counsel, I anticipate that the court will revise the "Rights and Responsibilities of Chapter 13 Debtors and their Attorneys" to address the use of this provision.

1. discharge and certify that counsel held an in person meeting with the debtor as required above.
- Counsel must also serve debtor with the fee application, accompanied by a cover letter consistent with the "Guidelines for Compensation and Expense Reimbursement of Professionals and Trustees," paragraph 7. The letter must clearly state the additional information required above in the supplemental fee application.

**Objection Point 4 - Effective Date of the Plan**

The final point of the Objection relates to the final additional provision in the Plan, which states that the effective date is the commencement of the case.

As Trustee concedes, the effective date is not defined by the Bankruptcy Code. In its decision in *In re Nguyen*, Case No. 16-52743, this court held that the effective date of the plan for purposes of the § 1325(a)(4) is the confirmation date, unless an alternate date is provided for in the plan. Tracking the analysis in *In re Hoopai*, if no date is provided in a Chapter 13 plan, the effective date is confirmation. *Countrywide Home Loans, Inc. v. Hoopai (In re Hoopai)*, 581 F.3d 1090, 1101 (9th Cir. 2009). This was confirmed by the Ninth Circuit BAP in *In re Messer*, 2014 WL 643712 at *4–5 (Feb. 19, 2014), which held that if the debtor's Chapter 13 plan does not include a specific effective date, then the effective date of the plan is the confirmation date. Consistent with this case law, the debtor may provide a specific date, but if the plan does not provide for such a date then confirmation shall serve as the effective date. Debtor here has chosen the commencement of the case as his effective date.

Trustee argues that Debtor is attempting to circumvent the requirements of the Bankruptcy Code and exclude an arbitration award from the estate. Debtor argues that his choice of effective date is based on an interest in receiving the best possible valuation for his real property, which is the subject of a motion to value. At the hearing, the parties agreed that the arbitration award is property of the bankruptcy estate, thus this additional provision is not

6

in dispute in this case.  However, Debtor's counsel has indicated that she wishes to use this additional provision in future cases.

The court notes that the new district-wide Chapter 13 model plan affirmatively states that the effective date is the confirmation date, so if a party seeks to alter the form plan, they must submit an additional provision that addresses the current language and alters it.  The Trustee may object to this additional provision if it is warranted by the facts.

For the reasons set forth above, Trustee's Objection is overruled, subject to amendment of the additional provision regarding attorney's fees stated above.  Debtor is requested to file an amended plan and upload an order overruling Trustee's Objection consistent with this decision.

**END OF MEMORANDUM DECISION**

**COURT SERVICE LIST**

**Via ECF:**

All ECF Recipients